IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30672
Summary Calendar
_____

CRISPULO MARTINEZ-SANTOS,

Petitioner-Appellant,

versus

EDWARD MCELROY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-540
--------------------
June 12, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Crispulo Martinez-Santos appeals from the district court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. We review de novo the district court's legal determinations, including determinations of jurisdiction. Rivera-Sanchez v. Reno, 198 F.2d 545, 546 (5th Cir. 1999). After the district court decided this case, we issued Requena-Rodriquez v. Pasquarell, 190 F.3d 299 (5th Cir. 1999), which controls the issue presented on appeal. In Requena-Rodriquez 109 F.3d at 305-06, we held that under the transitional

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, in cases such as this one in which § 1252(g) does not apply and direct review is unavailable, federal courts retain habeas jurisdiction under § 2241. Requena-Rodriquez v. Pasquarell, 190 F.3d 299, 305-06 (5th Cir. 1999). Thus, under Requena-Rodriquez, we vacate the district court's court decision that it lacked subject-matter jurisdiction to consider Martinez's § 2241 petition. On remand, the district court may also consider the Government's contention that Martinez's appeal should be dismissed for breaching his immigration bond.

VACATED AND REMANDED.